UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOSEPH SILVA,
    *Plaintiff,*

v.            Civil No. 3:22-cv-532 (OAW)

DELFLORIO,
    *Defendant.*

**INITIAL REVIEW ORDER**

Self-represented plaintiff Joseph Silva ("Mr. Silva" or "Plaintiff"), has filed a Complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendant Dr. Delflorio, has violated his Eighth Amendment rights through her deliberate indifference to his need for dental treatment. The court will permit Plaintiff to proceed with this claim.

**I.    STANDARD OF REVIEW**

Under 28 U.S.C. § 1915A, the court must review prisoner civil complaints and dismiss any portion that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915A(b)(1)–(2). Although highly-detailed allegations are not required, the Complaint must "contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. This plausibility standard is not a "probability requirement" but imposes a

standard higher than "a sheer possibility that a defendant has acted unlawfully." *Id.*

In undertaking this analysis, the court must "draw all reasonable inferences in [the plaintiff's] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). However, the court is "not bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions," *id.*, and "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678. Consequently, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

With respect to self-represented litigants, it is well-established that "[*p*]*ro se* submissions are reviewed with special solicitude, and 'must be construed liberally and interpreted to raise the strongest arguments that they suggest.'" *Matheson v. Deutsche Bank Nat'l Tr. Co.*, 706 F. App'x 24, 26 (2d Cir. 2017) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 3006) (per curiam)). *See also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards that formal pleadings drafted by lawyers.'" (internal citations omitted)). This liberal approach, however, does not exempt pro se litigants from the minimum pleading requirements described above: a pro se complaint still must "'state a claim to relief that is plausible on its face.'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal,* 556 U.S.

2

at 678). Therefore, even in a pro se case, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted), and the court may not "invent factual allegations" that the plaintiff has not pleaded. *Id.*

## II. BACKGROUND

During the events alleged in the complaint, Mr. Silva was serving a prison sentence at Northern Correctional Institution ("Northern"). ECF No. 1 at 4. Plaintiff began to experience oral and facial pain while eating, on or about April 22, 2020. *Id.* at 5 ¶ 1. He immediately wrote to Northern's dental department to alert them to this issue. *Id.*

Plaintiff was seen by Dr. Delflorio,[1] who prescribed and provided Plaintiff with antibiotic medication. ECF No. 1-1 at 9. The medication proved ineffectual, and Plaintiff's pain worsened over time. ECF No. 1 at 5 ¶ 1.

On or about May 7, 2020, Plaintiff wrote to the dental department to inform them that he was experiencing swelling and severe pain on the right side of his face. *Id.* ¶ 2. He reports that by this time, eating was a "dreadful experience" because food was getting stuck in the affected tooth. *Id.*

On May 13, 2020, Plaintiff was seen by Dr. Delflorio. ECF No. 1-1 at 9. By the time of this visit, Plaintiff was experiencing severe headaches and pain to the extent that it prevented him from sleeping. ECF No. 1 at 5 ¶ 2. Instead of providing requested dental

---

[1] In the narrative of his complaint, Plaintiff does not explicitly allege that he was seen by Dr. Delflorio, ECF No. 1 at 5-8 ¶¶ 1-5, but exhibits attached thereto indicate that Dr. Delflorio saw Plaintiff for all of his dental appointments occurring between April 29, 2020, and June 21, 2020. ECF No. 1-1 at 7, 9.

treatment, Dr. Delflorio merely provided Plaintiff with over-the-counter pain medication. *Id.* at 5—6 ¶ 2.

On May 17, 2020, Plaintiff, again wrote to the dental department to reiterate that he was in severe pain and in need of dental treatment. *Id.* at 6 ¶ 3. By this time, Plaintiff had a "cavity/hole" in a tooth that painfully filled with food when he attempted to eat. *Id.* Plaintiff also requested treatment from the dental department "in person." *Id.* at 7 ¶ 3. But these requests "fell on deaf ears." *Id.*

On May 20, 2020, Plaintiff again was seen by Dr. Delflorio. *Id.* ¶ 4; ECF No. 1-1 at 9. At this point, Plaintiff appears to have been requesting a surgical tooth extraction, but Dr. Delflorio simply provided Plaintiff with more antibiotic and over-the-counter pain medication. ECF No. 1 at 7 ¶ 4.

On May 27, 2020, Plaintiff wrote to the dental department to complain that now two of his teeth were causing him severe pain and headaches. *Id.* at 8 ¶ 5. On June 21, 2020, Plaintiff was seen but again was provided no treatment aside from over-the-counter pain medication. *Id.* Immediately following this dental visit, Mr. Silva wrote to Dr. Delflorio to request that she either extract or fill his tooth. *Id.* at 9 ¶ 6. In a copy of the written request (attached as an exhibit to the complaint), Plaintiff states: "I don't want to be called down to your examination room again unless you intend to pull out my tooth. You've called me down [four] times already to tell me you can't pull out my tooth because of the COVID-19. You got to do something now. I can't take the pain. You can't keep leaving me in pain." ECF No. 1-1 at 7. Dr. Delflorio did not respond to this written request. ECF No. 1 at 9 ¶ 6.

On July 20, 2020, Plaintiff filed an administrative grievance to complain about Dr. Delflorio's refusal to pull his tooth, and to submit a request for an outside dental provider to provide such treatment. *Id.* 1 at 9 ¶ 7; ECF No.1-1 at 9. In his grievance filing, Mr. Silva asserts that Dr. Delflorio had refused to extract his tooth for reasons related to the COVID-19 pandemic. ECF No. 1-1 at 9.

On or about August 5, 2020, Plaintiff was seen by a doctor the Complaint identifies only as "doctor John Doe" ("Dr. Doe"). ECF No. 1 at 11 ¶ 9. Dr. Doe noted that Plaintiff had two badly-infected teeth and immediately pulled them. *Id.* On the same day, an administrative remedies coordinator returned Plaintiff's grievance with an indication that his health concerns had been resolved by his recent appointment with Dr. Doe. ECF No. 1-1 at 9. The administrative remedies coordinator further noted that Plaintiff had fully exhausted his administrative remedies. *Id.*

## III.   DISCUSSION

Section 1983 of Title 42 of the United States Code creates a cause of action against any person, acting under color of state law, who deprives an individual of their federally-protected rights. *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). In his complaint, Mr. Silva asserts a single § 1983 claim alleging that Dr. Delflorio violated his Eighth Amendment rights through her deliberate indifference to his need for dental treatment. ECF No. 1 at 16. To remedy the alleged violation of his Eighth Amendment rights, Plaintiff seeks a declaratory judgment and $350.00 in monetary damages. *Id.* at 17.

### A.   Declaratory Relief

Plaintiff seeks a declaration that Dr. Delflorio's acts and omissions have violated his constitutional rights.  *Id.*  However, to the extent Plaintiff brings a claim against Dr. Delflorio in her individual capacity, declaratory relief serves no purpose unsatisfied by a judge or jury verdict in his favor.  *See Baltas v. Rizvani*, 2022 WL 17251761 at *6 (D. Conn. Nov. 28, 2022).  Additionally, were Plaintiff to sue Dr. Delflorio in her official capacity, "the Eleventh Amendment 'does not permit judgments against state officers declaring that they violated federal law in the past.'" *Id.* at *7 (quoting *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy*, 506 U.S. 139, 146 (1993)).  Thus, Plaintiff's request for a declaratory judgment is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

### B.   Deliberate Indifference Claim

"The Eighth Amendment prohibits deliberate indifference by medical providers to an inmate's serious dental needs." *Tanner v. Cuevas*, 2020 WL 4586511 at *3 (D. Conn. Aug. 10, 2020).  To adequately plead such a claim, a plaintiff must allege: (1) an objectively serious deprivation of dental care; and (2) the subjective "deliberate indifference" on the part of the defendant who has deprived the plaintiff of dental treatment.  *Id.*; *see Salahuddin v. Goord*, 467 F.3d 263, 279-80 (2d Cir. 2006)*.*

A simple cavity typically will not satisfy the objective element of a deliberate indifference to dental care claim.  *Harrison v. Barkley*, 219 F.3d 132, 137 (2000).  However, when a cavity has degenerated, or will inevitably degenerate, to the point that it causes severe pain or acute infection, it may rise to the requisite level of severity.  *Id.*

Plaintiff alleges that he had cavities that caused him constant and excruciating pain for a period of more than three months.  Mr. Silva further notes that his teeth were badly

infected by the time that they were extracted in August of 2020. These allegations satisfy the objective element of a deliberate indifference claim.

To satisfy the subjective element of his deliberate indifference claim, Plaintiff must allege that Dr. Delflorio exhibited a "subjective recklessness, as the term is used in criminal law." *Salahuddin*, 467 F.3d at 280. Specifically, Plaintiff must allege facts supporting an inference that Dr. Delflorio acted, or failed to act, "while actually aware of a substantial risk that serious inmate harm will result." *Id.*

The complaint indicates that Dr. Delflorio was aware of Plaintiff's cavity-related pain for over three months. During this period, Plaintiff asked Dr. Delflorio to perform a tooth extraction, but she declined to do so. By not extracting Plaintiff's teeth when requested, Dr. Delflorio could be deemed to have exhibited a reckless disregard for Plaintiff's pain and the health risks associated with a potential tooth infection. Thus, Plaintiff adequately has pled this element of a deliberate indifference claim so as to warrant further development of the record.[2]

Plaintiff adequately has pled the objective and subjective elements of an Eighth Amendment deliberate indifference claim against Dr. Delflorio.

## IV. CONCLUSION

The Court enters the following orders:

---

[2] Dr. Delflorio appears to have refused to perform a tooth extraction because of the COVID-19 pandemic. ECF No. 1-1 at 7, 9. If policies and directives enacted in response to the COVID-19 pandemic effectively prevented Dr. Delflorio from performing oral surgery, then she may not have exhibited deliberate indifference to Plaintiff's health and safety. *See Swain v. Junior*, 961 F.3d 1276, 1287 (11th Cir. 2020) ("Failing to do the 'impossible' doesn't evince indifference, let alone deliberate indifference."). This issue also may warrant further development of the record.

(1) The Eighth Amendment deliberate indifference claim brought against Dr. Delflorio shall **PROCEED.**

(2) Plaintiff's request for declarative relief is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).

(3) Because Plaintiff has paid the filing fee in this case, and has not been granted *in forma pauperis* status, he is responsible for serving the complaint on Dr. Delflorio, in her individual capacity **within 90 days** of the date of this Order pursuant to Federal Rule of Civil Procedure 4. If Plaintiff has questions about service of the complaint, he may contact the Inmate Legal Aid Program ("ILAP"). **<u>Failure to effect service within the time specified may result in the dismissal of this action</u>**.

(4) The Clerk of Court respectfully is directed to send a courtesy copy of the Complaint and this Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5) Dr. Delflorio shall file a response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to her. If Dr. Delflorio chooses to file an answer, she shall admit or deny the allegations and respond to the cognizable claim recited above. Dr. Delflorio may also include any and all additional defenses permitted by the Federal Rules.

(6) Discovery, pursuant to Federal Rules of Civil Procedure 26—37, shall be completed within six months (180 days) from the date of this Order. Discovery requests need not be filed with the court.

(7) All motions for summary judgment shall be filed within seven months (210 days) from the date of this Order.

(8)   Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)   If Plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he **MUST** notify the court.  Failure to do so can result in the dismissal of the case.  Plaintiff must give notice of a new address even if he is incarcerated.  Plaintiff must write **PLEASE NOTE MY NEW ADDRESS** on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address.  Plaintiff also should notify the defendants or the attorney for the defendants of his new address.

(10)   While incarcerated, Plaintiff shall utilize the Prisoner Electronic Filing Program when filing documents with the court.  Plaintiff is advised that the Program may be used only to file documents with the court.  As local court rules provide that discovery requests are **not** filed with the court, discovery requests must be served on the defendants' counsel by regular mail.

(11)   The Clerk shall immediately enter the District of Connecticut Standing Order Re: Initial Discovery Disclosures concerning cases initiated by self-represented inmates and shall send a copy to Plaintiff, please.

**IT IS SO ORDERED** at Hartford, Connecticut, this 25th day of July, 2023.

                                                      /s/
                                 OMAR A. WILLIAMS
                                 UNITED STATES DISTRICT JUDGE