**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

JOSEPH SILVA,
    Plaintiff,

v.                                             Case No. 3:22-CV-532 (OAW)

DELFLORIO,
    Defendant.

## RULING AND ORDER

Self-represented plaintiff Joseph Silva (an inmate in the custody of Connecticut's Department of Correction), commenced this action by complaint filed against Dr. Delflorio, a dentist. Plaintiff paid the filing fee. By Initial Review Order filed July 25, 2023, the court determined that the claim against Dr. Delflorio should proceed for further development of the record, and directed Plaintiff to effect service. *See* ECF No. 15.

Plaintiff has filed a motion for leave to amend the complaint (at ECF No. 17) together with a proposed amended complaint (ECF No. 17-1), a motion for leave to proceed *in forma pauperis* ("IFP") (ECF No. 18), and an amended complaint that seeks to add three defendants (ECF No. 20). For the reasons that follow, the court hereby **GRANTS** the motion to amend at ECF No. 17, **DENIES as moot** the IFP motion, and **STRIKES** the amended complaint (that attempts to add three defendants) at ECF No. 20.

1

## I. Motion to Amend (ECF No. 17)

Plaintiff states his request for relief contained a typographical error, which he seeks to correct. Plaintiff's motion at ECF No. 17 is granted, and the Clerk is directed to docket the proposed amended complaint attached thereto, at ECF No. 17-1.

## II. Motion to Proceed *in Forma Pauperis* (ECF No. 18)

Plaintiff paid the filing fee on May 24, 2022. As he identifies no reason for needing *in forma pauperis* status at this time, his IFP motion is denied as moot.

## III. Amended Complaint (ECF No. 20)

Plaintiff has filed a second amended complaint seeking to add three defendants (Dental Director Maher Kasabji, former Commissioner of Correction Rollin Cooks, and Commissioner of Correction, Angel Quiros). Each new defendant is named only in their official capacity.

Federal Rule of Civil Procedure 15(a)(1) provides that a plaintiff may amend their complaint only one time as of right, and under certain conditions. Any other amendments are permitted only by leave of court, or with the consent of the defendants. *See* Fed. R. Civ. P. 15(a)(2). Plaintiff filed his first amended complaint to correct his prayer for relief, and he does not indicate whether the defense consents to further amendment. Thus, he cannot further amend the complaint without leave of court. Accordingly, the Clerk is directed to strike from the docket the second amended complaint at ECF No. 20.

Further, even if Plaintiff had sought such leave to amend, it would have been

denied. Each of the three defendants that Plaintiff attempts to add is a supervisory official. The United States Court of Appeals for the Second Circuit has held that "there is no special rule for supervisory liability. Instead, a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).

Although Plaintiff included these three additional defendants in his case caption, he does not mention them in his recitation of the facts underlying this action, or his claims. As Plaintiff alleges no facts supporting claims against these three defendants, the claims are subject to dismissal. *See* 28 U.S.C. § 1915A(b)(1) (directing the court to dismiss a complaint, or any part of a complaint, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]").

In addition, Plaintiff names the supervisory officials in their official capacities, only. However, he seeks only damages in relief.[1] The Eleventh Amendment bars suits for monetary damages against state officials in their official capacities. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Thus, any claims against the new defendants Plaintiff attempts to add would be subject to dismissal under 28 U.S.C. § 1915A(b)(2) (directing the court to dismiss claims seeking "monetary relief from a defendant who is immune from such relief.").

---

[1] The court dismissed the request for declaratory relief on initial review. *See* ECF No. 15.

### IV. **CONCLUSION**

Accordingly, it hereby is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Amend (ECF No. 17) is GRANTED. The Clerk is directed to please docket the proposed amended complaint attached thereto (at ECF No. 17-1).

2. Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 18) is DENIED as moot.

3. Plaintiff's amended complaint at ECF No. 20 is STRICKEN from the record because Plaintiff did not obtain leave of court before filing it, and because any new claims are subject to dismissal under 28 U.S.C. § 1915A(b)(1) and (2).

**IT IS SO ORDERED** at Hartford, Connecticut, this 22nd day of September, 2023.

/s/
Omar A. Williams
United States District Judge